**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>[25] JOSE OMAR AGUAYO-DELGADO,<br><br>**Defendant** | **CRIM. NO. 24-170-25 (RAM)** |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

This matter comes before the Court on Defendant José Omar Aguayo-Delgado's ("Mr. Aguayo-Delgado" or "Defendant") *Motion for De Novo Hearing* ("*Motion*"). (Docket No. 235). For the below-stated reasons, the Court **GRANTS** Defendant's *Motion* and releases Defendant subject to the conditions specified herein, including home incarceration.

## I.   BACKGROUND

On May 8, 2024, a Grand Jury returned an eight-count indictment against Mr. Aguayo-Delgado and twenty-nine other co-defendants. (Docket No. 3). Specifically, Defendant is charged with the following seven counts: Conspiracy to Possess with Intent to Distribute/Distribution of Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), 846 & 860 ("Count 1"); Possession/Distribution of Heroin in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(A)(i)  and  860  ("Count  2");  Possession/

Distribution of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(iii) and 860 ("Count 3"); Possession/Distribution of Cocaine in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(A)(ii) and 860 ("Count 4"); Possession/Distribution of Marijuana in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(A)(vii) and 860 ("Count 5"); Possession/Distribution of Fentanyl in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(A)(vi) and 860 ("Count 6"); and Possession of Firearms in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 7"). Id. at 3-25.

On May 20, 2024, Magistrate Judge Marshal D. Morgan held an Arraignment/Bail hearing as to Mr. Aguayo-Delgado (Docket No. 74). Following the hearing, the Magistrate Judge determined that the Government had proven "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community and "[b]y a preponderance of evidence that no condition or combination of conditions of release will reasonable assure Defendant's appearance as required," citing: (1) the weight of evidence against Defendant; (2) lengthy period of incarceration Defendant would be subject to if convicted; and (3) history of violence or use of weapons. (Docket No. 98 at 2). Additionally, Judge Morgan found that there was probable cause to believe Defendant committed one or more offenses in violation of the Controlled Substances Act and/or involving a firearm in violation of 18 U.S.C. § 924(c),

triggering the rebuttable presumption under 18 U.S.C. § 3142(e)(3) that no combination of conditions will reasonably assure Defendant's appearance and the safety of the community. Id. Although Judge Morgan held that Mr. Aguayo-Delgado presented sufficient evidence to rebut this presumption, he ultimately concluded that detention was proper because: (a) the Government proffered that Defendant was a shooter in a murder; (b) Defendant's stepfather, Mr. Carrion-Narvaez, was also active in the drug trafficking organization ("DTO") and is currently a fugitive; (c) Defendant has a record of selling heroin and marijuana; and (d) the DTO "was extremely violent based in part on the conduct of the defendant." Id. at 3. For these reasons, Judge Morgan ordered Defendant be detained pending trial. Id. at 3.

On August 19, 2024, Defendant filed the pending *Motion* seeking *de novo* review of the Magistrate Judge's order of detention. (Docket No. 235). Mr. Aguayo-Delgado highlights that the following personal characteristics favor his pretrial release: (1) he is young (20 years old) and has no prior criminal record; (2) he is a United States citizen with strong connections to Puerto Rico and the support of his community as evinced by 17 character letters; (3) he is currently expecting a child with his partner; and (4) that upon his release he can begin employment at Ducts, Air & Kitchen, Environmental Services Corp ("DAKES"). Id. at 3. Mr. Aguayo-Delgado argues that home detention with electronic

monitoring and a $50,000.000 non-secured bond are conditions that will guarantee his appearance before the Court and the safety of the community. Id. ¶ 5.

The Government subsequently filed a *Response to Defendant's Motion for De Novo Bail Hearing* ("*Response*"). (Docket No. 254). The Government maintains that the nature and characteristics of the offense, namely participating in a violent DTO and possessing a firearm in furtherance of drug trafficking, weigh in favor of detention. Id. at 5. Moreover, the Government asserts that the weight of the evidence is heavy, as the Government has four witnesses that identify Defendant as part of the DTO and a confidential source who purchased marijuana, cocaine, and heroin/fentanyl directly from Defendant on January 19, 2204. Id. Additionally, the Government contends that Defendant also constitutes a danger to the community given that a witness informed the Government that Defendant participated in murder. Id. at 6. As to Defendant's personal characteristics, the Government argues that his lack of current employment and financial resources, daily marijuana use, and substantial traffic fines despite not having a drivers license, also weigh in favor of detention. Id.

The Court held a *de novo* bail hearing on September 17, 2024. (Docket No. 262). At the hearing, the parties proceeded by proffer. The Court informed the parties it would consider the Pre-trial

Services Report, the offer of employment, the reference letters, and the Government's proffer at the hearing.

## II. LEGAL STANDARD

### A. Standard of review for a detention or release order

A district court reviews a Magistrate Judge's order of detention or release under a *de novo* standard and "need not defer to the magistrate judge's findings or give specific reasons for rejecting them." United States v. Cidraz-Santiago, 18 F. Supp. 3d 124, 126 (D.P.R. 2014) (citations omitted). A district court may also "take additional evidence or conduct a new evidentiary hearing" when "the defendant has placed relevant facts at issue." Id.

### B. The Bail Reform Act

Pursuant to the Bail Reform Act of 1984 (the "Act"), a judicial officer must determine whether a person charged with an offense shall be detained or released pending trial. *See* 18 U.S.C. § 3142(a). Section 3142(e) of the Act provides that if, after conducting a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e).

Section 3142(f) of the Act establishes the instances in which a detention hearing is proper. *See* 18 U.S.C. § 3142(f).

Specifically, Section 3142(f)(1) requires that the judicial officer hold a detention hearing upon motion of the attorney for the Government in cases which involve "a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed" and other enumerated offenses, including any felony that involves the possession or use of a firearm or destructive device. 18 U.S.C. §§ 3142(f)(1)(A)-(E). Likewise, Section 3142(f)(2) authorizes the court to hold a detention hearing upon motion of the attorney for the Government or *sua sponte* in cases that involve "(A) a serious risk that such person will flee; **or** (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2) (emphasis added).

The standard of proof for detention on the grounds of dangerousness is **clear and convincing evidence**. Id. Clear and convincing evidence is "more than preponderance of the evidence but less than beyond a reasonable doubt." United States v. Acevedo-Ramos, 600 F. Supp. 501, 509 (D.P.R. 1984) (citations omitted). This standard requires "a high degree of certainty that the information presented supports the conclusion of dangerousness or risk to the obstruction of justice." Id. On the other hand, the standard of proof for detention on the grounds of risk of flight

is preponderance of the evidence. *See* United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).

This District has held that:

> Where probable cause is found to believe that a defendant has committed a crime listed or in the circumstances set forth in 18 U.S.C. § 3142(e), a rebuttable presumption arises that no conditions or combination of conditions exist that will reasonably assure the appearance of the defendant and the safety of the community.

United States v. Vargas-Reyes, 220 F. Supp. 3d 221, 225 (D.P.R. 2016) (citing 18 U.S.C. § 3142(e)(3)). A grand jury indictment alone suffices to trigger the presumption. Id. (citing, *inter alia*, United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986)).

Once triggered, the 18 U.S.C. § 3142(e)(3) presumption imposes on the defendant a burden of production. *See* id. The defendant may satisfy this burden of production by introducing at least some evidence contrary to the facts presumed. Id. For that reason, "[t]he burden is not heavy." Id. Notably, the burden of *persuasion* always rests with the Government in both presumption and non-presumption cases. Id.

18 U.S.C. § 3142(g) sets forth the factors judicial officers must consider in determining whether there are conditions of release that assure a defendant's appearance and the safety of the community. These factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the

defendant; (3) the defendant's personal history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

### III. DISCUSSION

As previously noted, 18 U.S.C. § 3142(g) provides the factors this Court must consider in determining whether there are conditions of release that will reasonably assure Defendant's appearance as required and the safety of any other person and the community. While some factors do weigh in favor of detention, the Court finds that Defendant sufficiently rebutted the applicable 18 U.S.C. § 3142(e)(3) presumption and that **the Government did <u>not</u>** establish **by a preponderance of the evidence** that there is **<u>no</u>** condition or set of conditions that will reasonably ensure Defendant's appearance at trial. **<u>Nor</u> did the Government prove by clear and convincing evidence** that there is **<u>no</u>** condition or set of conditions that will reasonably ensure and the safety of the community. The analysis of Section 3142(g) factors is as follows.

**A. The nature and circumstances of the offense charged**

As noted above, Mr. Aguayo-Delgado is charged with violating 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), 846 & 860, Conspiracy to Possess with Intent to Distribute/Distribution of Controlled Substances; 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(i) and 860, Possession/Distribution of Heroin; 21 U.S.C. §§ 841(a)(1) &

(b)(1)(A)(iii) and 860, Possession/Distribution of Cocaine Base; 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 860, Possession/Distribution of Cocaine; 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(vii) and 860, Possession/Distribution of Marijuana; 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(vi) and 860, Possession/Distribution of Fentanyl; and 18 U.S.C. § 924(c)(1)(A), Possession of Firearms in Furtherance of a Drug Trafficking Crime. (Docket No. 3 at 3-25). Accordingly, if convicted, Defendant will be facing a mandatory minimum sentence that exceeds 10 years. The offense charged in the indictment is serious. Given the severity of the punishment prescribed by the relevant statutes, this factor favors detention.

**B. The weight of the evidence against Defendant**

From the Government's proffer at the *de novo* hearing, the weight of the evidence against Defendant is fairly strong. Per the Government's proffer, there are four witnesses tying Defendant to the DTO as well as the video recording from a confidential source showing Defendant selling controlled substances. A frame of this recording was included in the Government's *Response* but the Court notes said frame only shows Defendant's face rather than any illicit activity. (Docket No. 254 at 6).

At this stage, the Court is not concerned with Defendant's guilt or innocence. *See* 18 U.S.C. § 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence."). Instead, the Court must assess whether there is

a set of conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). Thus, this factor does not preclude a finding that a set of conditions will reasonably assure the safety of individuals and the community.

### C. Defendant's personal history and characteristics

Defendant's personal history and characteristics weigh in favor of release. He is a 20-year-old lifelong resident of San Juan, Puerto Rico, except for a six-month period when he lived in New York at the age of 18. (Docket No. 38 at 2). Defendant has significant family ties and ties to Puerto Rico. Id. Since 2019, he has resided with his mother, Danisha Delgado-Pacheco, at Jardines de Selles PHP, San Juan, Puerto Rico. Id. Defendant also has a non-cohabitational relationship with Alexxa Luna, who is also a resident of San Juan, Puerto Rico. Id. Likewise, he notified that various siblings reside in Puerto Rico. Id. His mother has expressed her willingness to serve as third-party custodian if the Court grants conditions of release. (Docket No. 235 ¶ 5). Defendant provided 17 character letters from family, friends and neighbors that describe him as being kind, caring, respectful and positive. (Docket Nos. 248-1 – 248-17).

Mr. Aguayo-Delgado does not have a United States passport and has not traveled outside of the United States. (Docket No. 38 at 2). Defendant completed high school but has been unemployed since

2023. Id. at 1. Defendant has no reported history of mental health conditions but did partake in counseling at age 5 for unspecified reasons. Id. at 4. Defendant also has no criminal history. Id. Defendant does not appear to have meaningful ties elsewhere and fleeing would sever his life-long ties to Puerto Rico. These facts all favor release. Conversely, the Court notes that Defendant admitted that he has used marijuana since age 18 and smokes daily. This lone factor of Defendant's personal characteristics is insufficient to tip the balance in favor of detention.

   D. **The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release**

In the case at bar, it is undisputed that the 18 U.S.C. § 3142(e)(3) presumption concerning the burden of production applies. However, Mr. Aguayo-Delgado's lack of history of violence and criminal activity rebut the presumption. Ultimately, the Government had the evidentiary burden of proving that "no condition or combination of conditions will reasonably assure […] the safety of any other person and the community" under the clear and convincing evidence standard. 18 U.S.C. § 3142(e).

"Undoubtedly, the **safety of the community can be reasonably assured without being absolutely guaranteed.**" Tortora, 922 F.2d at 884 (emphasis added). Thus, the Government needed to present "'clear and convincing' evidence of defendant's dangerousness" to justify his detention without bail. United States v. Goveo-

Santiago, 901 F. Supp. 56, 58 (D.P.R. 1995). The weight of the evidence and nature of the offense are insufficient to establish Mr. Aguayo-Delgado dangerousness given that Defendant has no criminal history or history of violence.

To establish dangerousness, the Government proffered that: (1) the DTO was generally violent; and (2) a witness stated that they heard Defendant talk about his role in the murder of an individual who stole drugs from the DTO and failed to pay for it. The Court is concerned that the Magistrate Judge's detention order reflects that the Magistrate was informed that Defendant was a "shooter" in a murder, whereas before this Court the Government only stated that Mr. Aguayo-Delgado had an unspecified role in a murder. *See* (Docket No. 98 at 3). The Government also highlighted that Defendant has $800 in outstanding traffic tickets, despite not having a license. The Government argues that this reflects Defendant's general lack of respect for authority.

As noted in previous cases, the Court is skeptical that the Government can meet its burden to establish dangerousness by clear and convincing evidence solely through a proffer. In relevant part, Section 3142(f) of the Bail Reform Act notes that **a person charged with an offense** "has them right to ... present information by proffer or otherwise." 18 U.S.C. § 3142(f). However, **the statute is silent as to whether the Government may proceed by proffer—and indeed, it makes no mention of how the Government is to present**

**evidence at all**. In other words, the plain text of the statute permits defendants to proceed by proffer in detention hearings, but it does not expressly grant the same privilege to the Government.

Section 3142(f) further makes clear that the "**facts** the judicial offer uses to support a finding" of dangerousness "shall be supported by clear and convincing **evidence**." Id. (emphasis added). Importantly, a "proffer is not evidence, *ipso facto*[,]" United States v. Reed, 114 F.3d 1067, 1070 (10th Cir. 1997), and is instead an offer of evidence. *See* PROFFER, Black's Law Dictionary (11th ed. 2019) (defining the verb proffer). The plain text of section 3142(f) suggests a proffer cannot establish the facts needed for the Government to meet its evidentiary burden. Because Congress was silent as to whether the Government could proceed by proffer, but nonetheless clarified—in a sentence pertinent to both the Government and the defense—that the rules of evidence would not apply to detention hearings, application of the negative implication canon results in the conclusion that the Government must support its detention argument regarding dangerousness with at least some evidence.

The First Circuit has previously addressed the evidentiary requirements of the Bail Reform Act in Acevedo-Ramos. In that case, the Government **did** present evidence—the testimony of a federal agent, along with supporting documentation—and the First Circuit's

holding, as relevant here, was that judicial officers could use reliable hearsay to support their detention orders. Acevedo-Ramos, 755 F.2d at 207. In so holding, the First Circuit noted that the Bail Reform Act's legislative history shows Congress intended to retain the informal nature of bail hearings, which included proceeding by proffer. Id. at 206, 208. These comments regarding proffers, while relevant, are dicta. Moreover, Acevedo-Ramos appears to contemplate judicial officers being presented with actual evidence that might contain hearsay. Id. at 207. A subsequent unpublished opinion[1] in this circuit held that the Government may proceed solely by proffer, but the decision to detain in that case was almost entirely based on the defendant's risk of flight and failure to rebut section 3142(e)'s presumption. United States v. Femia, 983 F.2d 1046 (table), 1993 WL 5893, at *3-*6 (1st Cir. 1993). The Court further notes that there is persuasive authority from outside the circuit that supports the proposition that the Government cannot proceed by proffer alone when it seeks to detain the defendant on grounds of danger to the community. *See* United States v. Martir, 782 F.2d 1141, 1145-47 (2d Cir. 1986); United States v. Suppa, 799 F.2d 115, 118 (3d Cir. 1986).

---

[1] Unpublished opinions may be considered "for their persuasive value" but are not "binding precedent." First Circuit Rule 32.1.0(a); *see* Narragansett Indian Tribe v. Rhode Island, 449 F.3d 16, 29 n.8 (1st Cir. 2006) (an unpublished opinion "has no precedential force").

Thus, in the absence of any clear and convincing evidence to the contrary, the Court finds that the below-stated combination of conditions reasonably assures Defendant's appearance and the community's safety.

## IV. CONCLUSION

Based on the grounds stated in this Opinion, the Court hereby GRANTS Defendant's *Motion for De Novo Hearing* at Docket No. 235. Defendant José Omar Aguayo-Delgado shall be released subject to the following conditions, which include home incarceration:

1. Defendant must not violate federal, state, or local law while on release.
2. Defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.
3. Defendant must advise the Court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.
4. Defendant must appear in Court as required and, if convicted, must surrender as directed to serve a sentence that the Court may impose.
5. $50,000 unsecured bond signed by Defendant.
6. $5,000 cash bail to be posted by Defendant's family.
7. Qualification by the United States Probation Office of his mother Danisha Delgado-Pacheco as a third-party custodian.
8. Electronic monitoring.

9. Defendant's release is conditioned upon qualification of the third-party custodian and of their residence as well as verification by the United States Probation Office of electronic monitoring device capability.

10. Home incarceration. Defendant shall be restricted to a 24-hour-a-day lock-down at the address 161 Calle La Paz, Bo. Obrero, Sector Cantera, San Juan, PR. 00901 except for medical necessities and court appearance or other activities specifically approved by the Court.

11. Defendant shall avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution.

12. Defendant shall submit to supervision by and report on a regular basis to the United States Probation Office.

13. Defendant will not use or unlawfully possess any narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless, prescribed by a licensed medical practitioner.

14. Defendant shall refrain from the excessive use of alcohol.

15. Defendant should receive medical or psychiatric treatment as recommended by the United States Probation Officer.

16. Defendant should participate in a program of inpatient or outpatient substance abuse therapy and counseling as deemed necessary by the United States Probation Office or the Supervising Officer.

17. Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

18. Defendant shall surrender any passport to the United States Probation Office.

19. Defendant shall not obtain a passport or other international travel document.

20. Defendant shall report, as soon as possible, to the United States Probation Office or the Supervising Officer any contact with any law enforcement personnel, including, but not limited to any arrest or questioning.

21. Defendant shall abide by the following restrictions on personal association, place of abode, and travel: Defendant shall reside at the address of record and shall not leave the jurisdiction of this District without first obtaining written permission from the Court.

22. As an exception, the Chief United States Probation Officer or his designee, may authorize temporary changes of address and overseas travels to the mainland U.S. only, not exceeding 15 calendar days, provided the United States Attorney has no objection to it. If objected, request will have to be made in writing to the Court.

23. Defendant shall not enter any airport or pier under this exception unless authorized by a PT Officer.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of October 2024.

                                                S/ RAÚL M. ARIAS-MARXUACH
                                                United States District Judge